IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN WEGENG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-636-GPM |
| | ) |
| PAPA JOHN'S USA, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on Plaintiff's motion for leave to amend the complaint to add a jury demand that was inadvertently omitted from the original complaint and to add a party plaintiff, his wife, under Federal Rule of Civil Procedure 20(a). Defendant opposes the motion in both respects.

As an initial matter, the Court construes Plaintiff's motion as a timely jury demand and therefore rejects Defendant's argument that Plaintiff failed to timely "serve a written demand for jury trial" on Defendant. According to Defendant's own calculations, the motion was filed three days before Plaintiff's time for demanding a jury trial expired (*see* Doc. 10, p. 5). This argument is without merit.

Likewise, the Court does not understand Defendant's contention that the proposed claim of Janine Wegeng, Plaintiff's wife, does not arise out of the same transaction or occurrence as Plaintiff's claim. Plaintiff claims that he was retaliated against by Defendant for reporting race discrimination and for failing to be complicit in it. His wife claims that Defendant retaliated against

her in its dealings with her because of her husband's protected activity. While there are differences between the claims, common questions of law and fact will arise such that joinder is appropriate.

For these reasons, Plaintiff's motion for leave to file an amended complaint and for jury trial (Doc. 7) is **GRANTED**. Plaintiff is **ORDERED** to electronically file the amended complaint on or before **February 28, 2006**.

**IT IS SO ORDERED.**

DATED:  02/23/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
