IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| John and Janine Wegeng, | ) |
| Plaintiffs, | ) |
| | ) Civil No.05-CV-636-GPM |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| Papa John's USA, Inc. | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

Plaintiffs John and Janine Wegeng bring this action for legal and equitable relief to redress the injuries done to him by Defendant Papa John's USA, Inc.

## COUNT I

1. This count is brought by Plaintiff John Wegeng against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (hereinafter "Title VII"). Jurisdiction of this Court is invoked pursuant to 28 U.S.C, §1343, 42 U.S.C. §2000-e5(f) and 28 U.S.C. §2201.

2. The unlawful employment practices complained of herein were committed within the Southern District of Illinois.

3. At times material to this action, Plaintiffs John and Janine Wegeng resided in Edwardsville, Illinois, and later moved to their current residence in Lake St. Louis, Missouri.

4. At all times material to this action, Plaintiffs, who are white, were employees of Defendant. John Wegeng performed his job for Defendant in the city of Glen Carbon, Illinois, which is in the Southern District of Illinois, and Janine Wegeng performed her

<u>job for Defendant in St. Louis County and St. Charles County, Missouri. Both plaintiffs were and are employees</u> within the meaning of Title VII, 42 U.S.C. §2000e(f).

5. Defendant Papa John's USA, Inc. is a foreign corporation doing business in the Southern District of Illinois, and is and employer within the meaning of 42 U.S.C. §2000e(b).

6. Defendant has employed more than 500 employees continuously since the beginning of the calendar year preceding the unlawful employment practices in this matter.

7. Plaintiffs have fully complied with the enforcement provisions and prerequisites of 42 U.S.C. §2000e-5.

8. Plaintiffs each filed timely charges of discrimination with the United States Equal Employment Opportunity Commission.

9. Thereafter, Plaintiffs each received a "Notice of Right to Sue" from the EEOC, and both have initiated this action within 90 days of receipt thereof.

**Factual Allegations**

10. Plaintiff John Wegeng has worked for Defendant since approximately May, 2001, and is currently an employee of Defendant.

11. Throughout the course of his employment with Defendant, Plaintiff John Wegeng has performed and is currently performing his duties in an exemplary manner.

12. In approximately January 2003, Plaintiff John Wegeng was reassigned as store manager for Defendant in Glen Carbon, Illinois. At the same time, Mr. Dennis Gerstner, a white male, became Director or Operations, and directly supervised Plaintiff.

13. In approximately early 2003, Mr. Charles Davis, an African American, was transferred from the position of store manager in Alton, Illinois to the position of assistant manager, under Plaintiff, to the store in Glen Carbon, Illinois.

14. Before Mr. Davis began working for Plaintiff, Mr. Gerstner instructed Plaintiff John Wegeng to take written disciplinary action against Mr. Davis at every opportunity. Mr. Gerstner also instructed Plaintiff John Wegeng to write a disciplinary memo against Mr. Davis if his girlfriend, also an African American, ever came behind the counter. Mr. Gerstner also used a racial slur in reference to Mr. Davis' girlfriend.

15. Soon after becoming the assistant manager, Mr. Davis received a customer complaint. Mr. Gerstner told Plaintiff John Wegeng to write Mr. Davis up for the complaint.

16. Upon investigating the complaint, Plaintiff John Wegeng discovered that the complaint had no merit. Therefore, John Wegeng decided to not write up Mr. Davis.

17. On another occasion, Mr. Davis closed the store approximately five minutes early because there were no customers. This was not an uncommon practice. Mr. Gerstner told Plaintiff John Wegeng to write up Mr. Davis for closing early. John Wegeng refused to write Mr. Davis up because others were not written up for similar same conduct. Mr. Wegeng felt that the write up would be unfair to Mr. Davis.

18. Plaintiff John Wegeng believed that Mr. Gerstner's instruction to write up Mr. Davis was because of Mr. Davis' race.

19. During the six months that Mr. Davis worked for Plaintiff John Wegeng, his work performance was excellent, and Mr. Wegeng never encountered a situation where he felt the need to write up Mr. Davis.

20. After six months, Mr. Gerstner reassigned Mr. Davis to another assistant manager position at a store in Missouri. Within a few weeks of working there, Mr. Davis received a disciplinary write-up. At a manager's meeting, Mr. Gerstner told Plaintiff John Wegeng that he finally was able to get somebody who will write up Mr. Davis.

21. Mr. Davis was not permitted to participate in a promotion program called, "The Next Slice." Mr. Davis terminated his employment with Defendant.

22. In mid-January 2004, Plaintiff John Wegeng applied and interviewed for a promotion to Director of Operations. Mr. Wegeng was the only person that applied. Mr. Wegeng had been assured earlier by Mr. Gerstner that Plaintiff would get the job.

23. Plaintiff John Wegeng was passed over for the position and other applicants were sought.

24. Plaintiff John Wegeng was then transferred against his wishes from the Glen Carbon, Illinois store, to a new store in St. Charles, Missouri. One of Mr. Wegeng's assistants was removed. This new move necessitated Plaintiff selling his home in Illinois and moving to Missouri.

25. In the Spring 2004, Mr. Wegeng was again passed over for promotion to another Director of Operations opening for which he was qualified.

26. Later in 2004, Mr. Wegeng attended a harassment workshop for managers taught by Mr. Lynn McQuillin, People Services Director for Defendant. At the workshop, Plaintiff John Wegeng learned that Defendant wanted managers to report instances of discriminatory conduct that the managers had witnessed.

27. The day after the workshop, Plaintiff John Wegeng reported to Defendant the conduct of Mr. Gerstner which he believed to be racially discriminatory.

28. Approximately one week later, Defendant gave Plaintiff John Wegeng a disciplinary write-up for not informing Defendant sooner of Mr. Gerstner's racially discriminatory behavior.

29. In late summer or early fall 2004, Plaintiff John Wegeng was again passed over for promotion to another opening for Director of Operation for which he was qualified. Mr. Wegeng was never given an opportunity to interview for the position.

30. Plaintiff John Wegeng believes that the actions taken against him, including but not limited to the failure of Defendant to promote him, were done in retaliation for protected activity in that Mr. Wegeng had opposed race discrimination by refusing to give inappropriate discipline to Mr. Davis, and by reporting what Mr. Wegeng believed to be Gerstner's racially discriminatory conduct.

31. As a result of Defendant's above-described conduct, Plaintiff John Wegeng has lost compensation and benefits of employment, and will continue to lose compensation and benefits in the future.

32. As a result of Defendant's above-described conduct, Plaintiff John Wegeng has suffered and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

33. Defendant's conduct was undertaken with malice and reckless indifference to Plaintiff John Wegeng's rights.

34. Plaintiff John Wegeng has incurred and will continue to incur attorney's fees and costs in connection with this matter.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants for lost wages and other benefits of employment, for compensatory damages, for punitive damages, for appropriate injunctive relief, for front pay, for prejudgment interest, for his attorney's fees and costs, and for such additional relief as this Court deems appropriate.

## COUNT II

35. This count is brought by Janine Wegeng against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (hereinafter "Title VII").  Jurisdiction of this Court is invoked pursuant to 28 U.S.C, §1343, 42 U.S.C. §2000-e5(f) and 28 U.S.C. §2201.

36. The unlawful employment practices complained of herein were committed within the Southern District of Illinois.

37. At times material to this action, Plaintiffs John and Janine Wegeng, a married couple, resided in Edwardsville, Illinois, and later moved to their current residence in Lake St. Louis, Missouri.

38. At all times material to this action, Plaintiffs, who are white, were employees of Defendant.  John Wegeng performed his job for Defendant in the city of Glen Carbon, Illinois, which is in the Southern District of Illinois, and Janine Wegeng performed her job for Defendant in St. Louis County and St. Charles County, Missouri.  Both plaintiffs were and are employees within the meaning of Title VII, 42 U.S.C. §2000e(f).

39. Defendant Papa John's USA, Inc. is a foreign corporation doing business in the Southern District of Illinois, and is and employer within the meaning of 42 U.S.C. §2000e(b).

40. Defendant has employed more than 500 employees continuously since the beginning of the calendar year preceding the unlawful employment practices in this matter.

41. Plaintiffs have fully complied with the enforcement provisions and prerequisites of 42 U.S.C. §2000e-5.

42. Plaintiffs each filed timely charges of discrimination with the United States Equal Employment Opportunity Commission.

43. Thereafter, Plaintiffs each received a "Notice of Right to Sue" from the EEOC, and both have initiated this action within 90 days of receipt thereof.

**Factual Allegations**

44. Plaintiff Janine Wegeng is married to Plaintiff John Wegeng, has been employed by Defendant since July, 2001, and is currently an employee of Defendant.

45. Throughout the course of her employment with Defendant, Plaintiff Janine Wegeng has performed and is currently performing her duties in an exemplary manner.

46. Plaintiff Janine Wegeng was promoted to a store manager position at Defendant's Maryland Heights store in 2002, and was named Store Manager of the Year for the St. Louis region for 2002.

47. Beginning in 2003, Plaintiff John Wegeng engaged in protected activity under Title VII in that he opposed what he reasonable believed was illegal discrimination based on race by refusing to participate in such conduct, and by reporting to Defendant's management what he reasonably believed to be racially discriminatory conduct, all as described in paragraphs 12 through 21 and paragraphs 26 and 27 of Count I, above.

48. Plaintiff John Wegeng thereafter suffered retaliatory conduct from Defendant for his protected activity, as described in paragraphs 22 through 25 and paragraphs 28 through 30 in Count I, above.

49. In late 2003, Plaintiff Janine Wegeng learned that Defendant was considering closing a corporate store in Wentzville, Missouri, and informed Defendant that she was interested in buying the store. Ms. Wegeng entered into negotiations with Defendant for the purchase of the store.

50. While Plaintiff Janine Wegeng was negotiating for the purchase of the Wentzville store, Manager Niles Pontius asked her if her husband, Plaintiff John Wegeng, was intending to work with her in the Wentzville store. Ms. Wegeng told Pontius that Mr. Wegeng planned to remain in his job with the company.

51. Dennis Gerstner later approached Plaintiff John Wegeng and asked him if he was planning to quit his job with the company and go to work at the Wentzville store. Mr. Wegeng told Mr. Gerstner he was planning to stay in his job with the company.

52. Shortly thereafter, Defendant abruptly stopped its negotiations with Plaintiff Janine Wegeng for the sale of the Wentzville store, and simply closed it down without selling it.

53. Subsequently, Defendant removed one of Plaintiff Janine Wegeng's assistant managers, against her wishes. Defendant then transferred Ms. Wegeng from the Maryland Heights store to a less desirable store in Harvester, Missouri, while at the same time providing her former store with an additional assistant manager.

54. While she was store manager in the Harvester store, Defendant refused to assign an assistant manager to Ms. Wegeng when her assistant manager quit his job.

55. Plaintiff Janine Wegeng believes that the actions taken against her, including but not limited to Defendant's refusal to sell her the Wentzville store, her transfer out of the successful Maryland Heights store, and the deprivation of support staff, were done because of her association with Plaintiff John Wegeng, and in retaliation for his protected activity.

56. As a result of Defendant's above-described conduct, Plaintiff Janine Wegeng has suffered pecuniary and non-pecuniary damages, and will continue to sustain such damages in the future.

57. As a result of Defendant's above-described conduct, Plaintiff Janine Wegeng has suffered and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

58. Defendant's conduct was undertaken with malice and reckless indifference to Plaintiff Janine Wegeng's rights.

59. Plaintiff Janine Wegeng has incurred and will continue to incur attorney's fees and costs in connection with this matter.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants for pecuniary damages, for compensatory damages, for punitive damages, for appropriate injunctive relief, for front pay, for prejudgment interest, for her attorney's fees and costs, and for such additional relief as this Court deems appropriate.

WILLIAM E. MOENCH & ASSOCIATES
Attorney for Plaintiffs


/s/
William E. Moench
2711 Clifton Ave.
St. Louis, MO 63139
Ph. 314/647-1800; 314/647-1911 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically on October 14, 2005 with the Clerk of Court, to be served by operation of the Court's electronic filing system upon the following:

Eric A. Todd
Nathan J. Plumb
Attorneys for Defendant Papa John's USA, Inc.
100 S. Fourth St., Suite 700
St. Louis, MO 63102
Ph. 314/ 259-4500
Fax 314/259-4599


/s/ William E. Moench