IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN WEGENG and JANINE WEGENG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-636-GPM |
| | ) |
| PAPA JOHN'S USA, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter came before the Court on May 1, 2006, for a hearing on Defendant's motion to dismiss Plaintiff Janine Wegeng's claim contained in Count II of the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for improper venue pursuant to Rule 12(b)(3). In this case, Janine Wegeng claims that her employer, Defendant Papa John's USA, Inc., retaliated against her because her husband, who also works for Papa John's, engaged in activity that is protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII).

Defendant argues that Janine Wegeng cannot state a claim because neither the statute nor case law provides a third-party retaliation claim under these circumstances. For the reasons fully set forth on the record during the hearing, the Court finds that under the law of the Seventh Circuit, Ms. Wegeng can state a claim for retaliation based on her husband's protected activity. *See Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 886 (7th Cir. 1998); *McDonnell v. Cisneros*, 84 F.3d 256, 262 (7th Cir. 1996).

The Title VII venue statute provides, in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Defendant argues that because the alleged retaliation for which Janine Wegeng seeks redress occurred in Missouri, her claim must either be dismissed or transferred to the Eastern District of Missouri. It is notable that Ms. Wegeng filed her administrative charge of discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights, and venue in the Eastern District of Missouri would be proper. However, that does not mean that venue in this District is improper. The alleged protected activity that is the basis of Janine Wegeng's claim occurred in Illinois. The fact that she did not participate in the protected activity is resolved above. It is the basis of her claim; therefore, it is the unlawful employment practice alleged to have been committed. *Id.*

For these reasons, Defendant's motion to dismiss Count II (Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 05/02/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge